IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *  Criminal No. 11-000271-WS |
| | * |
| MICHAEL PALMER | * |

**GOVERNMENT'S MOTION FOR DEPARTURE PURSUANT TO SECTION 5K1.1**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and moves the Court to consider the motion of the Government for a downward departure in the abovecaptioned case for the defendant's substantial assistance with the Government, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, and as grounds therefor says the following:

1. The defendant has provided information which implicates approximately 13 subjects. Palmer gave information implicating his three co-defendants. He gave information on several subjects who were already serving time, so the government submits that this information does not amount to substantial assistance as to those subjects.

2. In addition, the defendant provided information specifically addressing co-defendant Tony Foley's sentencing objections. Foley's attorney has recently agreed to withdraw objections, and the Government submits that this cooperation is ripe for consideration by the Court at this time. Palmer would have supported the leadership enhancement and the danger to the public enhancement for the manufacturing activity conducted by Foley at Foley's trailer, among other places.

3. Palmer also provided information about Foley's ice supplier in Florida. Palmer will corroborate Foley's testimony about this subject and the number of trips made to pick up ice from

him. Unfortunately, neither has provided identification information sufficient to fully identify this target.

4. Palmer implicated Billy Joe Stokely, who was indicted at the end of last year. Stokely entered a guilty plea and is cooperating. Stokely was a meth cook and pill supplier with whom Palmer had some involvement. Stokely and Subject 1 cooked meth at Subject 2's residence off Highway 45, but Palmer did not know how much. Palmer knew that Stokely got at least 12 boxes of pseudoephedrine from Subject 3.

5. Palmer implicated Subject 4, from whom he received methamphetamine ice on three occasions. These amounts were 5 grams, 8 grams and 10 grams, respectively.

6. Palmer identified Subject 5 as a pill shopper who provided him with 80 boxes of pseudoephedrine over time. She also sold a total of 6 grams of meth to Palmer over 20 occasions. She sold meth for Subject 6 (50 grams or more) over a 10-month period. Subject 6 would give Subject 5 money for pseudoephedrine she supplied to him.

7. Palmer implicated Subject 7 in the meth business. Subject 7 and another individual previously prosecuted supplied pills to meth cooks at Subject 8's residence near Loxley. Subject 7 helped Palmer cook on two or three occasions. They used 14 boxes of pills once, and 20 boxes of the pills the other time. They got 30 and 40 grams of finished meth, respectively. Palmer saw Subject 7 in possession of meth several times at the Paradise Lounge, with the largest amount being 18 to 20 grams. Subject 7 sold meth to Subject 3, Subject 8 and several others. Subject 8 also dealt with Subject 7.

WHEREFORE, the Government moves the Court to consider a downward departure in the abovecaptioned case pursuant to Section 5K1.1 of the United States Sentencing Guidelines.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

By: s/Gloria A. Bedwell
Gloria A. Bedwell
Assistant United States Attorney
Bedwg1000
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251)441-5131 (fax)
(251)441-5845

## CERTIFICATE OF SERVICE

I certify that I have filed a copy of the same with the Clerk of the Court using CM/ECF, which automatically serves a copy of the same upon the attorney of record for the defendant by email, this 14th day of February, 2013.

s/Gloria A. Bedwell
Gloria A. Bedwell
Assistant United States Attorney